# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| Yesenia Rodriguez, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, FLORIDA CONSUMER COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF** |
| Genesys National Recovery, Inc., | |
| And | |
| Genesys National Recovery II Corp., | |
| Defendants. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Hialeah Gardens, FL at all times relevant to this action.

2. Defendant Genesys National Recovery, Inc. is a Florida Corporations that maintained its principal place of business in Miami, FL at all times relevant to this action.

3. Defendant Genesys National Recovery II Corp. is a Florida Corporations that maintained its principal place of business in Miami, FL at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

5. Pursuant to 28 U.S.C. §1367(a), the Court also has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Section

559.55 *et seq.* of the Florida Statutes ("FCCPA"), because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

6. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. At all times relevant to this action, Defendants engaged in the business of consumer debt collection.

8. Defendants regularly use the telephone and mail to collect consumer debts that Defendants either purchased or had been hired to collect.

9. The principal source of Defendant's revenue is debt collection.

10. Defendants are "debt collectors" as defined by 15 U.S.C. §1692a(6).

11. Defendants are "debt collectors" as defined by the FCCPA, Florida Statutes §559.55(6).

12. Defendants operate as a single entity with a unified purpose of collecting debts from consumers.

13. As described below, Defendants contacted Plaintiff about an obligation that Plaintiff allegedly owed to Living Well Lady, which had been incurred for personal rather than commercial purposes.

14. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

15. The alleged obligation is a "debt" as defined by Florida Statutes §559.55(1)

16. As described below, Defendants attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and Florida Statutes §559.55(2).

18. On or around May 23, 2012, Defendants telephoned Plaintiff in connection with the collection of the debt.

19. During this communication, Defendants falsely represented that Defendant was a private investigator and failed to meaningfully disclose Defendant's identity.

20. During this communication, Defendants threatened to sue Plaintiff and increase Plaintiff's debt to $4,200.00 if payment was not made by 4:00 PM that day.

21. At the time of these communications, Defendants had neither the intent nor ability to sue Plaintiff and increase Plaintiff's debt to $4,200.00.

22. On or around May 23, 2012, Defendants telephoned Plaintiff in connection with the collection of the debt and left a voice message.

23. During this communication, Defendants falsely represented Plaintiff had until 4:00 PM that day to pay the debt off before a petition would go through.

24. Plaintiff understood the above communication to mean that Defendants were filing a law suit against Plaintiff.

25. At the time of the above communication, Defendants had neither the intent nor the ability to file a law suit against Plaintiff.

26. On or around May 23, 2012, Defendants telephoned Plaintiff in connection with the collection of the debt and left a voice message.

27. During this communication, Defendants' representative falsely represented Defendants as a law firm by stating that the representative was calling as the director of Defendants' legal department.

28. During this communication, Defendants falsely represented that an extension was being granted on Plaintiff's petition that was giving Plaintiff until 5:00 PM the next day to pay off the debt.

29. Plaintiff understood the above reference to Defendants' legal department and a petition to mean that Defendants were filing a law suit against Plaintiff.

30. At the time of the above communication, Defendants had neither the intent nor the ability to file a law suit against Plaintiff.

31. In each of the above communications, Defendants failed to state that Defendant is a debt collector calling in connection with the collection of a debt.

32. In each of the above communications, Defendants failed to state their full business names or meaningfully disclose their identities.

33. Plaintiff is in the midst of a high risk pregnancy.

34. Defendants' actions have caused Plaintiff extreme stress and emotional distress that has had a direct negative impact on Plaintiff's health and pregnancy

35. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

36. Defendants violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

37. In support hereof, Plaintiff incorporates paragraphs 18-30 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

38. Defendants violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be taken or that was not intended to be taken.

39. In support hereof, Plaintiff incorporates paragraphs 18-30 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

40. Defendants violated 15 U.S.C. §1692e11 by failing to meaningfully disclose the identity of Defendant.

41. In support hereof, Plaintiff incorporates paragraphs 18-32 as if specifically stated herein.

## COUNT FOUR

### Violation of the Florida Consumer Collections Practices Act

42. Defendants violated Florida Statutes §559.72(10) by using communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.

43. In support hereof, Plaintiff incorporates paragraphs 27 as if specifically stated herein.

## COUNT FIVE

### Violation of the Florida Consumer Collections Practices Act

44. Defendants violated Florida Statutes §559.72(12) by orally communicating with Plaintiff in such a manner as to give the false impression or appearance that such person is or is associated with an attorney.

45. In support hereof, Plaintiff incorporates paragraphs 27 as if specifically stated herein.

## JURY DEMAND

46. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

47. Plaintiff prays for the following relief:

   a. Judgment against Defendants for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendants for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to Florida Statutes §559.77(2).

   c. Judgment against Defendants for punitive damages pursuant to Florida Statutes §559.77(2).

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, LLP

By:     /s/ Adela D. Estopinan
    Adela D. Estopinan
    Bar # 25939
    3191 Coral Way, #115
    Miami, FL 33145
    Telephone:  866-339-1156
    Email: aestopinan@maceybankruptcylaw.com
    Attorneys for Plaintiff